BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

HALLIE MITCHELL HOFFMAN (CABN 210020)
OWEN P. MARTIKAN (CABN 177104)
HARTLEY M. K. WEST (CABN 191609)
JEFF SCHENK (CABN 234355)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7129
    Fax: (415) 436-7234
    hallie.hoffman@usdoj.gov
    owen.martikan@usdoj.gov
    hartley.west@usdoj.gov
    jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 14-00175 TEH |
| Plaintiff, | JOINT PRETRIAL CONFERENCE STATEMENT |
| v. | Hearing: March 7, 2016 |
| PACIFIC GAS AND ELECTRIC COMPANY, | Time: 3:00 p.m. |
| Defendant. | |

Pursuant to Local Rule 17.1-1 and the Court's March 11, 2015 Pretrial Order, the United States and defendant Pacific Gas and Electric Company respectfully submit the following Pretrial Conference Statement.

/ / /

/ / /

**I.      Disclosure and contemplated use of statements or reports of witnesses under the *Jencks Act*, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

<u>Government's Position</u>

As of the date of this filing, the government has produced all of the recorded statements of its witnesses in its possession.

<u>Defendant's Position</u>

Defendant is not in possession of any prior statements for the witnesses on its witness list. If defendant identifies any specific witness from its listed "Summary witness regarding pressure test records" or "Any other person the government subpoenaed, interviewed, or put before the grand jury," it will disclose and produce statements or reports of witnesses under the *Jencks Act*, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.

**II.     Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at trial.**

<u>Government's Position</u>

As of the date of this filing, the government has produced all of the grand jury testimony of witnesses.

**III.    Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment.**

<u>Government's Position</u>

As of the date of this filing, the government has disclosed all exculpatory or other evidence favorable to defendant on the issue of guilt or punishment under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. If any exculpatory information comes to the government's attention and possession after this filing, it will provide such information to the defense forthwith.

As of the date of this filing, the government has produced all impeachment material in its possession pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 932 F.2d 29 (9th Cir 1991). It will supplement this production if and when additional materials come into its attention and possession.

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                                           2

**IV.   Stipulation of facts which may be deemed proved at trial without further proof by either party and limitation of witnesses.**

The parties are discussing potential fact stipulations. Those stipulations will be filed prior to the Pre-trial conference on March 7, 2016. The parties agree that the stipulations are subject to their motions *in limine*.

**V.   Appointment by the Court of interpreters under Fed. R. Crim. P. 28.**

A court interpreter will not be needed in this case.

**VI.   Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

The parties are unaware of any issues relating to insanity, alibi, and statute of limitations beyond what has already been litigated.

Government's Position

The government is unaware of any issue that would require dismissal of the pending charges.

Defendant's Position

In compliance with the Court's December 10, 2015 order on the government's motion to compel PG&E to provide notice of an "advice-of-counsel defense" (Dkt. 204), the defense notified the government on February 8, 2016 that, although it is difficult to anticipate how PG&E will craft its defense to the evidence that the government presents in its case-in-chief, at this time and based on the information available to it, PG&E does not anticipate raising an advice of counsel defense at trial.

**VII.   Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

The parties are unaware of any issues of joinder or severance that have not already been addressed by this Court.

**VIII.   Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The parties are not aware of any informers, use of lineup or other identification evidence, or evidence of prior convictions of defendant or any witness in this case.

**IX.   Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal.**

1  The parties exchanged witness lists on February 17 and February 19, 2016. These lists are
2  attached to this Statement as **Attachments A and B**.

3  Government's Position

4  The defendant's witness list provided on February 19, 2016 had the following description for
5  every witness, "[t]his witness's testimony will depend upon the government's presentation of its case."
6  Based on that description, and without being provided a summary of the proposed witness's testimony,
7  the government could not provide any objections to proposed witnesses. Only at 5:27pm tonight, the
8  date of this filing was the government provided additional description of the witness testimony in a .pdf
9  document. If the court would like the government to submit objections, after having time to read the
10 newly provided summaries, the government is happy to do so.

11 Defendant's Position

12 Consistent with the defendant's right to an effective defense, Defendant may call additional
13 witnesses beyond those exchanged, depending upon the government's presentation of its case. Without
14 acknowledging that any of the witnesses or subjects of testimony on the government's list is appropriate,
15 Defendant may also call any witnesses identified on the government's witness list, depending on the
16 government's presentation of its case. If a second trial phase on the government's Alternative Fines Act
17 allegations becomes necessary, Defendant may add witnesses in response to the government's
18 presentation.

19 **X. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams
20 intended to be offered or used at trial, except materials that may be used only for
   impeachment or rebuttal.**

21 The parties exchanged exhibit lists February 12 and February 18, 2016. These lists are attached
22 to this Statement as **Attachments C and D**.

23 Government's Position

24 The government was first provided a list of the defendant's proposed exhibits at 11:29pm on
25 February 18, 2016. As such, the government has not fully had time to digest all of the exhibits and may
26 be in a position to modify or limit stated objections.

27 Defendant's Position

28

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                                    4

The government did not provide its exhibit list until after 7:00 p.m. on Friday, February 12, 2016, a mere ten days before the joint pretrial conference statement was due.  The government provided only a hard copy of its list, which identified 972 exhibits totaling nearly 30,000 pages, and refused to provide copies of the exhibits themselves or give the defense an electronic copy of its list over the holiday weekend.  Defendant pulled the government's exhibits and analyzed them as quickly as it could, and simultaneously removed exhibits from its own list that were also on the government's list to avoid duplication.

Consistent with the defendant's right to an effective defense, it may offer additional exhibits, depending upon the government's presentation of its case.  Defendant has moved *in limine* to exclude several categories of evidence that the government has stated it intends to offer in its case-in-chief, which are pending before this Court and will be heard during the pretrial conference.  Defendant may need to offer additional documents relating to these broad categories of evidence should the Court permit the government to offer such evidence.  If a second trial phase on the government's Alternative Fines Act allegations becomes necessary, Defendant may add exhibits in response to the government's presentation.

From November 2015 up to the present, the government has produced nearly 800,000 pages of discovery responsive to the Court's discovery order dated June 29, and its order to enforce its previous order dated November 12. Dkts. 103, 195.  On Friday, February 12—ten days before the deadline for this Statement—the Pipeline and Hazardous Materials Safety Administration ("PHMSA") and National Transportation Safety Board ("NTSB") sent a hard drive by FedEx to counsel for PG&E, which PG&E was able to receive on Saturday, February 13.  This hard drive contained nearly 270,000 pages of discovery.  The government expects to produce even more documents in the coming month leading up to trial, and outstanding discovery issues remain, including regarding the government's expert witnesses.  PG&E may offer additional documents from these productions.

**XI.    Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

The parties met and conferred about their exhibit lists.  The parties refer the Court to the exhibit lists for a list of unresolved objections and agreed upon exhibits.  The parties further refer the Court to

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                                              5

their motions *in limine*, which outline objections to admissibility of certain exhibits and the parties' positions regarding party-opponent admissions.

The parties also met and conferred regarding their witness lists. The parties refer the Court to their motions *in limine* and the witness list objections, which outline objections to some of these areas of witness testimony.

Government's Position

In addition, the government notes that it has not yet received any expert designation from defendant, nor Rule 16(b)(1)(C) discovery concerning any expert's opinions, the bases and reasons for those opinions, and the witness's qualifications. The government reserves its right to challenge the defense experts based on materials received, or on the failure to timely disclose such materials

Defendant's Position

Defendant has stated its objections to the government's proposed exhibits where appropriate. Defendant has also identified a number of the government's proposed exhibits to which it will not object, subject to the government laying proper foundation and calling a sponsoring witness.

The defense notes that it has not yet received complete Rule 16(a)(1)(G) discovery concerning the opinions, bases, and reasons that the government's experts will offer, and thus the defendant's reciprocal discovery obligations have not yet been triggered. Nevertheless, before this filing, the defendant sent the government notice of the areas of expert testimony that the defense might offer to rebut government testimony, and the names of potential expert witnesses.

On December 30, 2015, the defendant asked whether the prosecution would accept service of trial subpoenas on behalf of several employees of the NTSB and PHMSA. On January 20, 2016, the prosecution informed the defendant that the NTSB and PHMSA both said to send the subpoenas to their chief counsel, and they would accept on behalf of the employees. Right before filing this statement, and after the defendant sent the subpoenas to the chief counsel, the prosecution informed the defendant that it was not authorized to waive *Touhy* rights on behalf of the agencies, and that the defendant would need to comply with *Touhy* regulations for these witnesses. The defendant will comply, but wanted to make the Court aware of this potential issue with its defense witnesses.

**XII.   Preparation of trial briefs on controverted points of law likely to arise at trial.**

The parties filed their trial briefs today.  The parties have also filed extensive motions *in limine* on January 11 discussing such issues.  Many substantive issues have been litigated during the pre-trial phase of this case and some of those legal issues may arise at trial.  Moreover, the parties' differing proposed verdict forms and jury instructions highlight controverted points of law likely to arise at trial.

Government's Position

The government also has identified in a previous motion a potential conflict of interest between defendant and defense counsel which it anticipates may resurface depending on the outcome of a motion now pending before U.S. Magistrate Judge Marie Elena James.

Defendant's Position

Defendant would like to respectfully repeat its request for leave to file the additional pretrial motions identified in its January 11, 2016 pleading entitled Defendant's Brief Regarding Additional Motions *in Limine* (Dkt. 240).  Defendant is also raising additional discovery motions before Magistrate Judge James, as directed.  These motions may relate to one or more of several outstanding discovery issues that the defendant continues to pursue with the government, including:

- The government has produced documents in unreviewable format (garbled text) and documents produced without Bates numbers.
- The defendant requested confirmation that the government has produced all evidence required by the Court's discovery orders for its disclosed Rule 404(b) categories, and the government has not yet responded but agreed to look into it.
- The defendant requested that the government comply with its obligations to disclose the opinions and their bases and reasons for all of its expert witnesses, and the parties disagree about whether the government has complied with those obligations.
- The defendant requested a copy of the electronic, native version of a document on the government's exhibit list, and may need to file a motion requesting a Rule 17(c) subpoena to obtain it, at the government's suggestion.

- The defendant has also requested production of communications between the prosecution and the CPUC, including those regarding a paid witness, Margaret Felts, who has done work for both organizations, including communications regarding a document on the government's exhibit list that appears to have been altered. The government declined to provide those communications, so the defendant may need to seek a Rule 17(c) subpoena.

Under the current schedules, it is possible that these discovery issues will be resolved before the pretrial conference.

## XIII. Scheduling of the trial and of witnesses.

Government's Position

A reasonable estimate for the presentation of the government's case in-chief is four weeks, not counting two days for jury selection and opening statements. The government will provide the standard notice to the defendant of who will testify the following day at trial. The government does believe additional notice is warranted. The government intends to keep witnesses and the witness's counsel (if applicable) apprised of appropriate scheduling and travel plans for the witness.

Defendant's Position

It is difficult for the defense to estimate the length of its case at this time because it does not know how the government will try its case or if the defense will need to put on a case. Based on the government's estimate of a four week case in chief, the defense's best estimate at this time is it would need an additional two weeks, and that jury selection will take longer than two days.

The defendant requested that the government agree that the parties will give prior notice of witnesses called in their respective cases. It requested that each party give seven days' notice of witnesses residing outside the District who are not employed by the party calling the witness, and four days' notice for all other witnesses. The government did not agree, and stated that it would provide notice at close of business the day before any witness's appearance. To accommodate the travel and preparation schedules of the dozens of witnesses disclosed in this case, the defendant requests that the Court address notice requirements at the pretrial conference.

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                                                    8

**XIV. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, *voir dire* questions, exercise of peremptory and cause challenges, and jury instructions.**

The government's and the defendant's proposed *voir dire* questions are being filed concurrently with this pretrial conference statement. The parties are concurrently submitting a joint set of proposed jury instructions, separately proposed instructions, and objections with this pretrial conference statement.

Government's Position

The government is opposed to a jury questionnaire, beyond prescreening potential jurors' availability to sit for a two month trial, and is opposed to the specific questions asked in defendant's proposed questionnaire.

Defendant's Position

Defendant has concurrently filed a request for a jury questionnaire, along with its proposed questionnaire.

**XV. Any other matter which may tend to promote a fair and expeditious trial.**

Government's Position

The government already raised its position that the counts dismissed based on multiplicity should instead be consolidated. The government intends to file a motion requesting Rule 17(c) subpoenas for records that defendant has declined to provide voluntarily. The government believes that the penalty phase will take an additional trial day and should immediately occur after the trial concludes.

Defendant's Position

The defense may also move for Rule 17(c) subpoenas. The Court ordered that the parties be prepared to discuss the details of bifurcating this trial. *See* Dkt. 275 at 3. Without knowing which counts, if any, may be at issue in a potential sentencing phase, it is difficult to anticipate the length of an Alternative Fines Act gains trial. Defendant PG&E estimates that it could last two to three weeks. Defendant asks that, if a sentencing phase is necessary, and after the Court considers whether the sentencing phase would unduly complicate the proceedings and should be dismissed (*see id.* at 2), a break between the phases be planned for defendant to submit a supplemental exhibit list and witness list and for consideration of motions *in limine*. Defendant notes that the government has already informed

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                                                          9

the Court of the sort of evidence and approximate number and type of witnesses it intends to present on these issues and it should not be permitted to expand that evidence. *See* Dkt. 235.  Additionally, the defendant asks that the government not be permitted to offer or elicit evidence relevant to the gains allegations during the first phase of the trial so as not to confuse the issues or unfairly prejudice defendant in either phase.

The parties are not aware of any other matters that need to be resolved to promote a fair and expeditious trial.

Dated:  February 22, 2016              Respectfully submitted,

                                       BRIAN J. STRETCH
                                       Acting United States Attorney


                                       By:      /s/
                                          Hallie M. Hoffman
                                          Owen P. Martikan
                                          Hartley M. K. West
                                          Jeff Schenk
                                          Assistant United States Attorneys



                                       By:      /s/
                                          Steven Bauer
                                          Margaret Tough
                                          Kate Dyer
                                          Attorneys for Defendant PG&E

JOINT PRETRIAL CONFERENCE STATEMENT
14-00175 TEH                              10