Case 3:14-cr-00175-TEH   Document 406   Filed 03/28/16   Page 1 of 5

ORIGINAL

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# Duane Morris

*FIRM and AFFILIATE OFFICES*

2017 MAR -3 P 5: 34

GEORGE D. NIESPOLO
DIRECT DIAL: +1 415 957 3013
PERSONAL FAX: +1 415 358 4394
E-MAIL: GDNiespolo@duanemorris.com

*www.duanemorris.com*

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

March 3, 2016

Honorable Maria-Elena James
United States Magistrate-Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re: **United States v. PG&E, No. 3:14-cr-00175-TEH**

Dear Magistrate-Judge James:

Undersigned counsel represent certain of the potential witnesses identified in the government's motion for a Rule 17 subpoena (collectively, the "Witnesses"). The government knows which individuals are represented by counsel and, if necessary, we are prepared to provide a list to the Court identifying our clients. We oppose the government's overreaching and intrusive request for a Rule 17(c) subpoena to PG&E for documents that directly relate to the Witnesses, third party current and former PG&E employees who have been identified as possible witnesses in the upcoming trial.[1] We submit this as a letter in order to place these issues before the Court in as simple and expeditious a manner as possible. If the Court prefers a different procedure, we will, of course, comply.

---

[1] The Witnesses have standing to oppose the government's motion, as the subpoena requested by the government impacts legitimate rights of the Witnesses, including, among others, their right to privacy and their right to prevent disclosure of privileged communications. *See, e.g., United States v. Johnson*, No. 14-cr-00412-TEH, 2014 WL 6068089, at *3 (N.D. Cal. Nov. 13, 2014) (Henderson, J.) (a party can move to quash a subpoena issued to another if the subpoena impacts a legitimate interest of party, including the prevention of harassment of a witness); *United States v. Ortiz*, No. C 12-0119 SI, 2013 WL 6842559, at *2 (N.D. Cal. Dec. 27, 2013) (Illston, J.) (a third party has standing to quash a subpoena where the party has a proprietary interest in the materials sought).

DUANE MORRIS LLP

SPEAR TOWER, ONE MARKET PLAZA, SUITE 2200          PHONE: +1 415 957 3000   FAX: +1 415 957 3001
SAN FRANCISCO, CA 94105-1127

Hon. Maria-Elena James
March 3, 2016
Page 2

DuaneMorris

The government's request contained in Part A of its Motion for a Rule 17 Subpoena (the "Subpoena Request") should be categorically denied because it (1) is overbroad and fails under the legal standard set forth in *United States v. Nixon*, 418 U.S. 683 (1974); (2) violates our clients' right to privacy, and (3) seeks to undermine the attorney-client relationship and, more broadly, constitutes an attack on our efforts to provide appropriate and ethical representation to our clients.

On the eve of trial, the government seeks a staggering amount of intimate personal information about the Witnesses for no other purpose than to go on a "fishing expedition" for what they claim is potential impeachment evidence. This is an improper use of a Rule 17 subpoena and fails the balancing test established in *United States v. Nixon*, 418 U.S. 683 (1974), as set forth at length in Pacific Gas and Electric Company's ("PG&E") Opposition, filed on March 1, 2016 (the "Opposition"). Dkt. No. 322. To the extent applicable, we join in the arguments set forth in PG&E's Opposition, particularly those set forth in Section III.B.1. We submit this letter in order to bring to the Court's attention to some additional legal and ethical concerns that specifically impact the Witnesses. In sum, because the government's subpoena request invades the legitimate interests of the Witnesses without appropriate justification, it should be denied.

A. **The Government's Request Violates the Witnesses' Privacy Rights Without Sufficient Justification.**

The government seeks complete and unfettered access to the Witnesses' personnel files, which span as many as forty years of service to PG&E. The government also seeks benefit and compensation information. These requests impinge on the Witnesses' Constitutional and statutorily protected right to privacy without sufficient justification.

1. *There is a protected right to privacy in personnel and compensation records.*

California's constitutional right to privacy should be considered when evaluating an application for a Rule 17 subpoena. *Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008) (Henderson, J.) (explaining that "[f]ederal courts may apply state privilege laws . . . where they do not conflict with federal law."). In California, privacy is a fundamental liberty interest protected by Article I, Section 1 of the California Constitution. Cal. CONST. art. 1, § 1; *City of Santa Barbara v. Adamson*, 27 Cal.3d 123, 130 (1980). Though not absolute, it may be abridged only where there is a compelling and opposing public interest. *See id.* at 131; *Britt v. Superior Court*, 20 Cal.3d 844, 855 (1978).

The right to privacy extends to employee files, as Judge Henderson has previously ruled. *See Tierno*, 2008 WL 2705089, at *5 (citing *Kakagawa v. Regents of Univ. of Cal.*, 2008 WL 1808902, at *2 (N.D. Cal. April 22, 2008) (affirming denial of subpoena for personnel records and stating that "[f]ederal courts have acknowledged a right to privacy in employment files.");

*see also Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR, 2015 WL 7180662, at *4-5 (N.D. Cal. Nov. 16, 2015) (Corley, J.) (denying request for production of human resources files because California's constitutional right to privacy protected files from discovery where Plaintiffs failed to show "compelling need for the information that could not be obtained through other resources."); *Monge v. Maya Magazines, Inc.*, No. 2:10-CV-00230-RCJ-PA, 2010 WL 277 6328, at *5-6 (D. Nev. July 14, 2010) (former employees had privacy interest in personal identifiers, such as work history, references, disciplinary matters, Social Security numbers, financial information, and unemployment paperwork contained in unredacted personnel files).

The need for the requested files must thus be found to outweigh the employees' protected privacy interest in those files. *See, e.g., Tierno*, 2008 WL 2705089, at *5. The government here seeks personnel files and payment records, spanning decades for some of the witnesses. These records may include highly personal information, such as applications, resumes, educational transcripts, background check information, private health information, information regarding family upsets (such as divorces, separations or child custody matters) or about other family members, SSN information, compensation information, emergency contact information, performance evaluations, training records, warnings, counseling and disciplinary notices, internal grievances, attendance records, leave of absence records, and much more. It is hard to imagine how these materials could be anything other than irrelevant to the case against PG&E, and even harder to imagine how they would ever be admissible at trial. The government's request could result in the production of all bonus, salary, wage, compensation records, work-related reimbursements, tax records, and PG&E-funded professional trainings. The government has cast an extraordinarily wide net and it is just not clear what purpose this all serves or why this is necessary.

The government's request far exceeds the one rejected in *Tierno*, in which Judge Henderson remarked that the employment records sought were of "marginal relevance, if any, to the central issues in the case" and were "deeply invasive, seeking inherently personal information about [employee's] salary, insurance, and disciplinary records" the privacy interests outweighed the need for discovery of the employee's records." *Tierno*, 2008 WL 1808902, at *5.

    2. *The government fails to assert a justification outweighing the Witnesses' right to privacy.*

The government fails to advance any compelling interest that would entitle it to delve so deeply into the personal lives of the Witnesses. Its sole stated justification is that it seeks information as to the Witnesses' bias. This justification for obtaining personal information has been rejected by the federal courts time and again. *See, e.g., Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *Johnson*, 2014 WL 6068089, at *3 (Henderson, J.) (same); *A.Hak Indus. Servs. B.V. v. TechCorr USA, LLC*, No. 3:11-CV-74, 2014 WL 4352336, at *3 (N.D.W. Va. Sept. 2, 2014)

Hon. Maria-Elena James
March 3, 2016
Page 4

DuaneMorris

(personnel files not required to show bias because mere fact that a party employed the witness suffices to make the point); *S.E.C. v. Nadel*, No. CV 11-215 WFK AKT, 2012 WL 1268297, at *3 (E.D.N.Y. Apr. 16, 2012) (fact of compensation provided to witness enough to show bias without requiring production of further compensation and benefit information).

In addition, the government's justification is mere speculation, as it has cited no hard facts to suggest that impeachment material may even exist in these files. Mere speculation does not suffice to override an individual's privacy interest. *See, e.g., Grobee v. Corrections Corp. of America*, 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014) (denying plaintiff's request for production of personnel files because "[p]laintiff's arguments that the personnel files may contain information that will show witness bias or be useful to test credibility are speculative.").

As in every trial, the government may question the Witnesses about their current and former employment status. The government does not need entire personnel files or compensation information to do so. We submit the government's request is nothing more than the government's attempt to dig up information that it hopes it can use to impeach the Witnesses at trial. This is the very definition of a "fishing expedition." It is a somewhat frightening instance of government harassment and it violates the Witnesses' fundamental right of privacy.

**B.     The Government's Request Violates the Attorney Client and Work Product Privileges.**

The government also requests records and communications regarding the Witnesses' retention of counsel. The government justifies this intrusion into the inviolate work product and attorney client privileges by claiming that these materials will allow the government to show that the Witnesses are biased because "PG&E selected and is paying for the witnesses' attorneys." Declaration of Hartley M. K. West in Support of United States' Ex Parte Motion for Rule 17 Subpoena, ¶ 2. Again, the flaws in the government's argument are substantial.[2] We submit that the Court should reject the government's request for these records outright. However, if the Court decides to do otherwise, given the critical nature of the rights and privileges involved, the Witnesses respectfully request that the Court allow the Witnesses the opportunity to fully brief these issues before making any decision regarding these records.

---

[2] "[C]orrespondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege." *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); see also *United States v. Amlani*, 169 F.3d 1189, 1194 (9th Cir. 1999) (subpoenas requiring "the production of all 'correspondence, memoranda, notations and/or billing records' that relate to the initial substitution of" counsel "certainly appear to intrude on privileged material").

DuaneMorris

The government's request fails to meet the standards set out in *Nixon*. The broad swath of information it seeks on the eve of trial is nothing but an improper attempt to use Rule 17 to circumvent the privacy rights of the Witnesses and to skirt work product protection and the attorney client privileges. It is manifestly improper and should be denied.

Respectfully submitted,

/s/ George D. Niespolo

/s/ John D. Cline

/s/ Jeffrey L. Bornstein

/s/ Ismail J. Ramsey

/s/ Stephen A. Mansfield

/s/ Michael J. Shepard