LATHAM & WATKINS LLP
  Steven M. Bauer (Bar No. 135067)
    steven.bauer@lw.com
  Margaret A. Tough (Bar No. 218056)
    margaret.tough@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

LATHAM & WATKINS LLP
  Melissa Arbus Sherry (*pro hac vice*)
    melissa.sherry@lw.com
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

CLARENCE DYER & COHEN LLP
  Kate Dyer (Bar No. 171891)
    kdyer@clarencedyer.com
899 Ellis Street
San Francisco, California  94109-7807
Telephone: +1.415.749.1800
Facsimile: +1.415.749.1694

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. CR-14-00175-TEH<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE: OBJECTIONS TO MARCH 28 "ORDER RE: APPLICATIONS FOR RULE 17(C) SUBPOENAS"**<br><br>**Judge:**  Hon. Thelton Henderson<br>**Date:**    TBD<br>**Time:**    TBD<br>**Place:**   Courtroom 2, 17th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

**NOTICE AND MOTION**

Pursuant to Rule 59 and Civil L.R. 72-2,[1] defendant PG&E respectfully submits this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge to:

(i) Object to portions (identified below) of the March 28, 2016 Order re: Application of Rule 17(c) Subpoenas ("Order") (Dkt. 408); and

(ii) Request that the Court set aside those portions of the Order and correspondingly deny the government's underlying February 24, 2016 motion for a Rule 17(c) subpoena to the defendant (Dkt. 312).[2]

While the defendant does not object to many of the Order's ultimate conclusions, the defendant must make its objections for the record. (In past motions, the government has argued that if the defendant does not object to an ultimate conclusion, that shows that the defendant intended to waive objection to every legal point and conclusion underlying the ultimate conclusion. We disagree with this argument and think that it defeats the Court's purpose in sending discovery issues to a magistrate judge. However, to be cautious, we are broadening the scope of our objections.) Specifically, the defendant objects to the following portions of the Order that should be "set aside" because they are "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

1. Ruling that the government may use Rule 17(c) in the manner requested in its motion, namely, as an improper means to seek discovery of additional trial evidence and circumvent Rule 16's limitations on government discovery from a criminal defendant. Dkt. 408 at 6-7.

2. Ordering an *in camera* review of private personal information of 27 employees and former employees (separation and retention agreements) that the government did not request and that is unjustified and unnecessary. *Id.* at 10-14, 23(1) (Request A).

3. Granting a Rule 17(c) subpoena for yet more copies of the "April 16[sic], 2011" letter that the government already possesses and has had access to for years. *Id.* at 19-21, 23(3) (Request C).

The above objections are discussed further in the accompanying memorandum of points and

---

[1] *See* Dkt. 348. We note for the record that the Order correctly recognized that the present Rule 17(c) dispute is not a discovery dispute. Dkt. 408 at 2 n.2.

[2] To the fullest extent possible, the defendant also objects to the portions of the Order that granted the government's separate March 8, 2016 motion for Rule 17(c) subpoenas to current and former employees/contractors of the defendant (or to their attorneys) (Dkt. 349; *see* Dkt. 408 at 14-16, 23(5)) for the same reasons stated in the their objections (which the defendant hereby joins) to the Order as well any applicable/overlapping reasons in the memorandum hereto.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

authorities. Additionally, the defendant notes the following further objections for the record:

- The defendant objects to the Order's consideration of the government's "consciousness of guilt" argument in any respect; the Order should have not considered it at all since the government improperly raised it for the first time on reply. *Id.* at 8, 10-13.

- The defendant objects to the Order denying portions of the government's motion "without prejudice." *Id.* at 19, 23. There is no basis to allow the government to keep filing more Rule 17(c) motions, particularly now on the eve of trial.

- The defendant objects to the Order's following statements that wrongly insinuate the defendant and witnesses did or would engage in misconduct or that are speculative, advisory, and have no basis in the record:

  ▶ "[A]n attorney selected by PG&E could steer the witnesses' testimony somehow in favor of PG&E." *Id.* at 10.

  ▶ "PG&E is paying for the witnesses' attorneys, which gives the witness a potentially personal reason for testifying in PG&E's favor." *Id.*

  ▶ "[T]he fact of PG&E's payment of witnesses' attorneys might be relevant to the witnesses' bias as witnesses could feel they owe something to PG&E or fear financial exposure without PG&E's assistance." *Id.* at 13.

  ▶ "[T]he government's interest in obtaining impeachment evidence showing that witnesses might be biased in favor of PG&E because it pays their legal fees is relevant and admissible evidence." *Id.* at 15.

  ▶ "[All drafts of RMI-06] would in all likelihood be admissible as statements by a party opponent…. [I]nformation concerning RMI-06 is generally relevant to the obstruction and potentially some of the Pipeline Safety Act … counts." *Id.* at 17.

- The defendant objects to the Order's discussion of the legal standard (*id.* at 4-5) to the extent it conflicts with the authorities and arguments in the memorandum hereto.

- Finally, the defendant objects to the Order's suggestion that "PG&E ha[d to] provide[] … argument or foundation for why the selection of witnesses' attorneys would make them biased or impeach their credibility." *Id.* at 15. We presume this is a typographical error and that the Order intended to refer to the government, not the defendant, here. Nonetheless, we raise the objection so as not to be deemed to have acquiesced in this apparent and erroneous burden shifting.

Separately, the government's improper so-called "supplement" (Dkt. 413) to its February 24 motion was subsequently granted in part in a different order on April 7, 2016. Dkt. 427. We address that separate order with separate objections concurrently filed herewith, but note for the record that the separate April 7 order left in place the improper *in camera* review of separation and retention agreements (*see id.* at 5) that is the subject of the instant objections.

Additionally, to facilitate an orderly and meaningful review of these objections and to prevent irreparable harm and prejudice to the defendant should the Court set aside the Order, the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

1  Court can and should stay the Order pending the Court's adjudication of these objections. *See*
2  *e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-01846-LHK, 2015 U.S. Dist. LEXIS 46893,
3  at *51-52 (N.D. Cal. Apr. 7, 2015) (granting stay pending review of objections to magistrate
4  judge's order); *Morales v. Tilton*, Nos. C 06 219 & C 06 926, 2006 WL 2724152, at *3 (N.D.
5  Cal. Sept. 22, 2006) (same).
6       WHEREFORE, the Court should grant this motion, sustain the defendant's objections, set
7  aside the portions of the Order (Dkt. 408) to which the defendant objects, deny the government's
8  February 24 Rule 17(c) motion (Dkt. 312) against the defendant in full, and issue such further
9  relief that the Court deems proper under the circumstances.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Order (Dkt. 408) should be "set aside" as "contrary to law or clearly erroneous" under Rule 59(a).  For the reasons set forth below and those laid out in the defendant's prior response (Dkt. 322), the government's Request A and C (Dkt. 312) should be denied in full.

**I.    PUT AN END TO THE GOVERNMENT'S USE OF RULE 17(C)**

The government must not be permitted to continue misusing Rule 17(c).  A subpoena under Rule 17(c) against a defendant is not the proper means to discover trial evidence.  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  Indeed, Rule 17 is not a *discovery* device at all.  Instead, it is limited to obtaining specific, relevant *evidentiary* materials in advance of trial.  *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 699 (1974).  Rule 16—not Rule 17—governs discovery in criminal cases and, due to Fifth Amendment and other concerns, Rule 16(b) strictly limits the government's ability to obtain discovery from an accused.  *See* Dkt. 322 at 3-4.  Despite this blackletter law, the government continues to attempt to use Rule 17(c) to circumvent the limits of Rule 16.  In particular, the timing, nature, and substance of the government's February 24 motion show that it is abusing Rule 17(c) to obtain precisely what Rule 16 prohibits: the government's pursuit of wide-ranging discovery into personnel files and metadata.  *See id.*

Rather than stop the government's improper use of Rule 17(c), the Order essentially condoned it.  Dkt. 408 at 6-7.  The Order ruled that no matter how blatant the government's overreach, it will be entertained as a legitimate Rule 17(c) request—against a *criminal defendant*.  *Id.*  Rule 17(c) is generally only available for use *by* a defendant, not against a defendant—who (unlike the government) does not have access to the investigatory power of a grand jury.  Dkt. 322 at 3-4 & n.5.  The Order thus sets a dangerous precedent for prosecutorial end-runs around not only Rule 16, but the Grand Jury Clause as well:  if the government is permitted to use Rule 17(c) against a criminal defendant to gear up for trial (as here), then the government could always wait months or years (as here) after the indictment and simply use a Rule 17(c) subpoena on the eve of trial to subpoena material it could have (but failed to) obtain pre-indictment.  That would eviscerate the long-standing rule that "[i]t is an abuse of the grand jury process to use grand jury subpoenas to develop post-indictment trial material."  *United States v.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

1 *Comprehensive Drug Testing*, 513 F.3d 1085, 1141 (9th Cir. 2008). ▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 322 at 5-6 & n.6.[1]

Moreover, the cases the Order cites here (Dkt. 408 at 6) in no way bolster such a dangerous new precedent. The Order cites *Nixon* but, in contrast to the situation here, the subpoena's target in *Nixon* was *not* a criminal defendant (he was being investigated as a third party and had not been indicted). 418 U.S. at 687. The single Ninth Circuit case cited, *MacKey*, addressed (as we previewed in our prior response) dramatically different circumstances and lends no support to the Order's approach here. Dkt. 322 at 5 (distinguishing *United States v. MacKey*, 647 F.2d 898, 899-900 (9th Cir. 1981)). Lastly, *United States v. Gel Spice Co.*, 601 F. Supp. 1214, 1223 (E.D.N.Y. 1985) is inapposite as the issue presented to that court (which it rejected) was only whether defendants could rely on an FDA statute to quash a Rule 17(c) subpoena.

The Court, for all these reasons, should not permit the Order's new approach to take root. When (as here) the government's end-run around Rule 16 and the Grand Jury Clause is patent, a court should not lend it credence by evaluating it under *Nixon*—and then by helping the government tease out something potentially salvageable from the improper request. *Compare* Dkt. 322 at 3-6 *with* Dkt. 408 at 6-23. Rather, as the government plainly is using Rule 17(c) for discovery and to seek material that Rule 16 expressly puts off-limits, the government's motion should be summarily denied. *See* Dkt. 322 at 3-6.

## II. DENY REQUEST A

By failing to deny Request A in full, the Order erroneously facilitates the government's improper, deeply-invasive fishing expedition into employee files. Request A—illustrative of why the motion should have been summarily denied (*supra*)—seeks discovery of a massive amount of nonspecific, irrelevant, and intensely personal information of 27 employees or former employees (collectively "employees") with a clear design to intimidate witnesses. Dkt. 312;

---

[1] The Order also faulted the defendant for not citing authority showing a complete ban on the government's ability to use Rule 17(c). Dkt. 408 at 6. Respectfully, that misses the point. We did not argue that the government can never use Rule 17(c). *See* Dkt. 322 at 4-5. Simply because the government might be able to use Rule 17(c) in some limited settings generally, it does not necessarily follow that the government is using Rule 17(c) properly here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

Dkt. 322 at 7-11. While we do not agree with every word of its analysis, the Order took a step in the right direction by initially rejecting most of Request A. Dkt. 408 at 8-10.

Yet, the Order erred in directing the defendant to produce separation (or severance) agreements and retention (of counsel) agreements of 27 employees *in camera*. Dkt. 408 at 10-14, 23(1).[2] The Order overreaches in awarding the government this *in camera* review. *First*, nowhere did the government even request such a review. Dkt. 312, Dkt. 330. We thus did not have an opportunity to oppose this *sua sponte* review in the government's favor.[3] *Second*, the Order erroneously relied on two cases that do not support its ruling here: *United States v. Fields*, 663 F.2d 880 (9th Cir. 1981) and *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal. 2006). The Order misreads these cases to suggest that material that, like the agreements here, is only potentially admissible to impeach a witness may be reviewed *in camera*. Dkt. 408 at 13. Not so.

In *Reyes*, the defendant sought specific third-party documents, and the court permitted an *in camera* review—but only upon the subpoenaing party's "persuasive showing" that the third party possessed material that was both "*highly relevant* to the criminal charges pending against" the defendant "and may become admissible upon the testimony of witnesses who are likely to testify at trial." 239 F.R.D. at 601 (emphasis added). Importantly, the *Reyes* court cautioned that *in camera* review was possible in the unique circumstances there as "the specific documents sought were … the very impetus for … the government's prosecution" of the defendant. *Id.*

Nothing here comes close. The separation and retention agreements here are not relevant, let alone highly relevant as *Reyes* required, to the criminal charges against the defendant. The Order conceded as much in ruling that the "only proper evidentiary use articulated by the government [here] goes to the witnesses' credibility," which is an "insufficient justification" to require any "pretrial production of such materials." Dkt. 408 at 11, 13; *see also* Dkt. 322 at 7-8. By the same token, these employees' separation and retention agreements are by no means the "very impetus" for "the government's prosecution" as in *Reyes*. 239 F.R.D. at

---

[2] Also, some of this information is readily "procurable" in the government's own (public) files. *Nixon*, 418 U.S. at 699. For example, William Morrow's July 8, 2008 separation agreement is on file publicly with the SEC. *See* PG&E 10-Q at Ex. 10 (Nov. 6, 2008).

[3] We do not object to the concept of an *in camera* review generally; rather, our objection is that the government failed to make the requisite (or any) showing to win such a review here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

1  601.[4]  The Order's reliance on *Reyes* is contrary to *Reyes* itself and clearly erroneous.

2  The Order's reliance on *Fields* is likewise erroneous. *Fields* held only that it is an abuse

3  of discretion to deny a motion to quash a subpoena seeking the production to defendants of

4  impeachment-only materials. 663 F.2d at 881. Contrary to the Order's presentation, *Fields* had

5  "*no occasion* to consider" the propriety of *in camera* review. *Id*. The issue was not before the

6  court, and it certainly did not condone a review in a situation such as this. *Id.* Consistent with

7  the subsequent *Reyes* decision, *in camera* review here should be denied.[5] For all these reasons,

8  the order is clearly erroneous and contrary to law, and "Request A" should be denied.

9  **III. DENY REQUEST C**

10  The Order granted the government's Request C, which had asked for an "April 16, 2011

11  email, including metadata and attachments," from the defendant to the NTSB and CPUC

12  (Dkt. 312), but which the government and Court essentially amended to request a "letter" (not an

13  email) that was dated "April 6, 2011" (not the 16th) and "was transmitted by email." (Dkt. 330

14  at 4 & n.5). *See* Dkt. 408 at 19-21, 23(3). The government argues that its Request C "falls

15  within the scope of a prior [grand jury] subpoena." Dkt. 317 ¶ 4. That argument illustrates that

16  Request C is yet another example of the government—on the eve of trial—stretching the limits

17  of the Fifth Amendment and abusing Rule 17(c) as a discovery device to re-investigate what it

18  could have investigated years ago before the grand jury prior to indicting the defendant. *Supra*.[6]

---

[4] A later portion of *Reyes*—that the Order ignores—confirms the Order got it wrong. On a different subpoena, the *Reyes* court confronted material that would "become admissible, if ever, only to impeach testimony or evidence to the contrary," and for this material, the court ruled: "unlike" the other materials "discussed above, there is currently no indication that such materials are likely to become relevant. The Court therefore considers *in camera* inspection of the ... materials unnecessary." 239 F.R.D. at 605. Likewise, *in camera* review is unnecessary here.

[5] Request A should also be denied because (i) the Order failed to address the fact that retaining counsel is not evidence of bias—particularly here, where such indemnification is required by law and the government insisted that the defendant retain counsel for employees; (ii) the Order violates the employees' clear privacy interest in these materials under California law; and (iii) the Order wrongly condones a slippery-slope expedition into potentially privilege material, particularly given the subsequent order of attorney billing records. *See* Dkt. 322 at 7-10.

[6] The Order correctly stated: "where a party fails to sufficiently demonstrate the *Nixon* factors to the Court, advance production of the records sought will be denied." Dkt. 408 at 5. It also correctly found that "the government made no arguments under the *Nixon* factors as to how the information it seeks is admissible, relevant, or specific." *Id.* at 20. It should have stopped there and denied Request C. Yet, it went on to posit how the government might meet its *Nixon* burden and ruled in the government's favor based on court-created arguments (to which we had no opportunity to respond). *Id.* at 5, 19-21. Such internal inconsistency is clear error. It is also

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO MARCH 28 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

1    The Order wrongly disregarded the overriding fact that the government already has and
2 continues to have access to all the information (including metadata) that Request C requests and
3 that the government can thus "procur[e]" the information without resorting to a subpoena.
4 *Nixon*, 418 U.S. at 699.  Specifically, the Order erred in failing to appreciate the fact that this is
5 not a situation where a defendant did not produce a document with metadata.  Rather, the Order
6 wrongly ignored the fact that the government can obtain all that Request C requests from the
7 government's own files—namely, the NTSB's.  *Compare* Dkt. 408 at 19-21 *with* Dkt. 322 at 12.
8 Tellingly, the government never contested the fact that it could procure all the requested
9 information from the NTSB.  *See* Dkt. 330.
10   This point is confirmed by the fact that the *government* produced the April 6 email with
11 its attachments *to the defense*.  Dkt. 322 at 12; Dkt. 323 ¶ 10(government produced at least ten
12 copies to us).  This makes sense as the defendant emailed the now-requested letter to the NTSB
13 on April 6, 2011.  The government can thus collect the original email from the NTSB and obtain
14 the same metadata associated with the native email and the native .pdf letter attached to that
15 email.  That is all that Request C (even as amended) requests, namely:  "[t]he letter [that] was
16 [attached as] an electronic document dated April 6, 2011, that was transmitted by email."
17 Dkt. 330 at 4 n.5.  The government has had it—and its metadata—since April 6, 2011.  These
18 indisputable facts are dispositive under *Nixon*:  Request C should be denied since all the
19 information requested is readily "procurable" in the government's own files.  418 U.S. at 699.[7]

20 Dated:  April 12, 2016                                     Respectfully submitted,
                                                             By  /s/
21                                                              Steven M. Bauer
                                                                Margaret A. Tough
22                                                              LATHAM & WATKINS LLP

23                                                              Kate Dyer
                                                                CLARENCE, DYER & COHEN LLP
24                                                              *Attorneys for Defendant*
                                                                *Pacific Gas and Electric Company*
25

---

26 contrary to law, namely, the requirement that an insufficient request "will be denied."  *Id.* at 5.
   [7] The defendant objects to the admissibility of metadata here.  Dkt 408 at 20-21.  The
27 government made no showing that the document metadata is the same as the "system metadata"
   that the Order raised *sua sponte*.  Also, the government made no showing the metadata is not
28 hearsay and otherwise admissible.  The Order wrongly shifts the burden to the accused to
   disprove admissibility, when it is the government's burden to show admissibility.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5    DEF.'S MOTION FOR RELIEF / OBJECTIONS
     TO MARCH 28 ORDER RE: RULE 17(C)
     Case No. CR-14-00175-TEH