LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
      steven.bauer@lw.com
   Margaret A. Tough (Bar No. 218056)
      margaret.tough@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

LATHAM & WATKINS LLP
   Melissa Arbus Sherry (*pro hac vice*)
      melissa.sherry@lw.com
555 11th Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

CLARENCE DYER & COHEN LLP
   Kate Dyer (Bar No. 171891)
      kdyer@clarencedyer.com
899 Ellis Street
San Francisco, California 94109-7807
Telephone: +1.415.749.1800
Facsimile: +1.415.749.1694

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Defendant. | CASE NO. CR-14-00175-TEH<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE: OBJECTIONS TO APRIL 7 "ORDER RE: SUPPLEMENTAL *EX PARTE* APPLICATION FOR RULE 17(C) SUBPOENA"**<br><br>Judge:   Hon. Thelton Henderson<br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 2, 17th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

## NOTICE AND MOTION

Pursuant to Rule 59 and Civil L.R. 72-2,[1] defendant PG&E respectfully submits this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge to:

(i) Object to portions (identified below) of the April 7, 2016 Order re: Supplemental *Ex Parte* Application for Rule 17(c) Subpoena ("Order") (Dkt. 427); and

(ii) Request that the Court set aside those portions of the Order and correspondingly deny the government's purported March 31, 2016 "supplement" (Dkt. 413) to portions of its February 24, 2016 motion (Dkt. 312) that were already denied on March 28, 2016 (Dkt. 408).

Specifically, the defendant objects to the following portions of the Order that should be "set aside" because they are "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

1. The modified grant of the government's "Request A" of the "supplement" for the personnel files of 27 employees or former employees (collectively, "employees"). Dkt. 427 at 4-5.

2. The grant of the government's "Request D" for certain linked documents in three emails that the government had in its possession for years. *Id.* at 5.

These objections are discussed further in the accompanying memorandum of points and authorities. Also, regarding the March 28 order (Dkt. 408) adjudicating the February 24 motion (Dkt. 312), we note here for the record that we are addressing that separate order with separate objections filed concurrently herewith (to avoid repetition, certain issues are cross referenced and incorporated as noted in the accompanying memorandum). *See* Dkt. 440.

Additionally, to facilitate an orderly and meaningful review of these objections and to prevent irreparable harm and prejudice to the defendant should the Court set aside the Order, the Court can and should stay the Order pending the Court's adjudication of these objections. *See e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-01846-LHK, 2015 U.S. Dist. LEXIS 46893, at *51-52 (N.D. Cal. Apr. 7, 2015) (granting stay pending review of objections to magistrate judge's order); *Morales v. Tilton*, Nos. C 06 219 & C 06 926, 2006 WL 2724152, at *3 (N.D. Cal. Sept. 22, 2006) (same).

---

[1] *See* Dkt. 348. We note for the record that the present Rule 17(c) dispute is not a discovery dispute. *See, e.g.*, Dkt. 408 at 2 n.2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

1  WHEREFORE, the Court should grant this motion, sustain the defendant's objections, set aside the portions of the Order (Dkt. 427) to which the defendant objects, deny the government's March 31 "supplement" (Dkt. 413) in full, and issue such further relief that the Court deems proper under the circumstances.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Order (Dkt. 427) should be "set aside" as "contrary to law or clearly erroneous" under Rule 59(a).  For the reasons below and in the defendant's prior papers (Dkt. 322, 416), the government's March 31 "supplement" (Dkt. 413) to Requests A and D of already-denied portions of its February 24 motion (Dkt. 312) should be denied.

**I.   DENY REQUEST A OF THE "SUPPLEMENT"**

The Order's modified grant of Request A erroneously facilitates the government's improper and "deeply-invasive" fishing expedition into private, personal information in employee files.  *Tierno v. Rite Aid Corp.*, No. C 05-02520-TEH, 2008 WL 2705089, at *5 (N.D. Cal. July 8, 2008) (Henderson, J.).  The government's initial Request A sought *discovery* of a massive amount of nonspecific, irrelevant, and intensely personal information of the 27 employees with a clear design to intimidate witnesses.  Dkt. 312; Dkt. 322 at 7-11.  The March 28 order denied Request A in part (Dkt. 408 at 8-14), and the portion that it did not deny is addressed in our separate objections to the March 28 order filed today ("March 28 Order Objections").  *See* Dkt. 440.  On March 31, the government filed a "supplement" to the already-denied portions of Request A (Dkt. 413), and the Order (Dkt. 427) "modified" and granted that Request A, allowing the government to discover "offer letters, performance appraisals, … incentive plans and compensation data" (collectively, "personnel files") for the 27 employees.  Dkt. 427 at 5.[1]  That modified grant of Request A also should be set aside.

*First*, regardless of the government's purported supplementation and the Order's modification, the current Request A is still discovery and thus remains an impermissible end-run around the limits on discovery against the accused imposed by Rule 16 as well as the Grand Jury Clause (not to mention the Fifth Amendment in general).  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  The government's continued abuse of Rule 17(c) is discussed in our March 28 Order Objections (Dkt. 440 at § I) and prior briefing (Dkt. 322 at 3-6), which are incorporated by reference.  Simply stated, modified Request A is abusive as it uses Rule 17(c)

---

[1] The Order also referenced "separation" and "retention agreements," but it kept that material subject to the March 28 order (Dkt. 408; *see* Dkt. 427 at 5), to which we are separately objecting.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

against a criminal defendant to discover information that (i) Rule 16 puts off limits and (ii) the government could have obtained pre-indictment via the grand jury but failed to do so.[2]

The latter is particularly egregious. The government, in its "supplement," concedes it wants this personnel-file discovery to try to prove its willfulness allegations in its "indictment." Dkt. 413 at 2. That is telling as it confirms the fundamental point that, if the government needed these personnel files to prove its allegations in the indictment, it should have sought this discovery pre-indictment. Having failed to do so, the government has now waived its right to such discovery. Indeed, if despite such a waiver, the government is now permitted to use Rule 17(c) to gear up for trial, then it could always wait months or years after the indictment and use Rule 17(c) on the eve of trial to subpoena material it could have (but failed to) obtain pre-indictment. That would swallow up the long-standing rule that "[i]t is an abuse of the grand jury process to use grand jury subpoenas to develop post-indictment trial material." *United States v. Comprehensive Drug Testing*, 513 F.3d 1085, 1141 (9th Cir. 2008). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dkt. 440 at § I; Dkt. 322 at 5-6 & n.6.

When, as here, the government is plainly using Rule 17(c) to obtain discovery and circumvent the limits of Rule 16 or the Grand Jury Clause, the Court should summarily deny the Rule 17(c) request at the threshold. *See* Dkt. 440 at § I.

*Second*, the Order erroneously and prejudicially permitted the government to obtain improper reconsideration relief. The Order recognized that the government's March 31 "supplement" (to portions of its February 24 motion that were denied on March 28) was "in essence a motion to reconsider" under Civil L.R. 7-9(a) (which applies here, *see* Crim. L.R. 2-1). Dkt. 427 at 4-5. Yet, the "supplement" did not come close to the requisite showing of an "intervening change in the facts or the law," *United States v. Hill*, No. CR 13-00765, 2014 WL 3735139, at *2 (N.D. Cal. July 24, 2014), or any other grounds for reconsideration under Civil L.R. 7-9(a). We incorporate by reference here our prior briefing on this issue. *See* Dkt. 416. In

---

[2] Rule 17(c) is generally only available for use *by* a defendant, not *against* a defendant, who (unlike the government) does not have access to the investigatory power of a grand jury. *See* Dkt. 440 at § I; Dkt. 322 at 3-4 & n.5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

an attempt to overcome the March 28 denials, the government's March 31 "supplement" boldly raised new arguments on the purported relevance and admissibility of the personnel files. Dkt. 413 at 2-3. However, the "supplement" cited no new facts or law. Indeed, the facts and exhibits relied on in the "supplement" had been available to the government for years; they could have been raised in the February 24 motion, but are now waived. Dkt. 416 at 1-2, n.2. Thus, rather than assist the government with this impermissible do-over, the Order should have stricken the "supplement" as an improper reconsideration motion, or should at least have set a briefing schedule (as we requested) so we could oppose reconsideration on the merits. *Id.* at 1-3 n.5.[3]

*Third*, the Order erred in granting the "supplement" *ex parte*. Dkt. 427 at 3-4. The government failed to meet the "good cause" standard for the extreme remedy of *ex parte* relief. Crim. L.R. 17-2. Through "[a]ffidavits or declarations," the government has the burden of "setting forth specific facts which support granting the requested relief without notice or with limited notice to the opposing party." Crim. L.R. 47-3. The declaration for its "supplement" failed even to attempt to satisfy this standard. Dkt. 313-1. Nowhere did it set forth a single fact for why the "supplement" could not be a noticed motion. *Id.* Moreover, allowing *ex parte* relief is particularly egregious here—as the underlying February 24 motion already had been converted, on our request, from an *ex parte* motion into a noticed motion. Dkt. 315; Dkt. 320. Thus, the Order erred in granting *ex parte* relief: rather than help the government sidestep the *ex parte* requirements, it should have denied the "supplement" outright or at least treated it as a noticed motion and set a briefing schedule so we could respond on the merits.

*Fourth*, the Order erred in endorsing the government's latest theory of relevance for these personnel files for purposes of the government's burden under *United States v. Nixon*, 418 U.S. 683, 699 (1974). For the first time in its "supplement," the government posited that the personnel files[4] of the 27 employees (none of whom is charged with any crime) are relevant to

---

[3] Also, the "supplement" should have been summarily denied for failure to obtain leave to seek such reconsideration relief. *See* Civ. L.R. 7-9(a); *Doherty v. City of Alameda*, No. 09-4961-EDL, 2010 U.S. Dist. LEXIS 36665, at *3 (N.D. Cal. Apr. 14, 2010); Dkt. 416 at 1.

[4] Some of this information is readily "procurable" in the government's own (public) files, which is additional grounds to deny Request A. *Nixon*, 418 U.S. at 699. For example, certain compensation information is on file publicly with the SEC. *See, e.g.*, PG&E Form DEF 14A (Apr. 1, 2009) (compensation information for Peter Darbee and William Morrow).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

show alleged willfulness of the defendant with respect to the regulatory violations alleged in the indictment. Dkt. 413 at 2. However, the government and the Order's cursory analysis here fail to make any such relevancy connection for *Nixon* purposes. *Id.*; Dkt. 427 at 4. For instance, the government makes no showing that anyone was compensated in return for willfully violating regulations, let alone the specific regulations at issue in the indictment or with respect to the specific pipeline segments referenced in the indictment. The government also makes no effort to show a temporal connection to even suggest possible relevance here. Nor is there a showing that offers of employment or compensation caused anyone to in any way sacrifice safety or, more to the point, willfully violate regulations as alleged in the indictment. The Court should not join the government's and the Order's series of logical leaps to conclude that the personnel files might contain any evidence of willfulness as alleged in the indictment. *Cf.* Dkt. 408 at 12.[5]

Thus, at most, the government is left with impeachment as its only (and insufficient) basis to seek these personnel files. However, even there, the government comes up short, as its convoluted arguments—such as that routine performance-based pay is somehow an incentive to testify favorably for the defendant, or its under-oath supposition about what the stock market might do in the event of a conviction—fail to establish bias. Dkt. 413 at 2; Dkt. 413-1 ¶ 6. The Court can and should deny Request A as impeachment alone is an insufficient basis to justify pretrial production of documents under Rule 17(c). *Nixon*, 418 U.S. at 701; Dkt. 322 at 8.[6]

*Fifth*, the Order violates the employees' privacy interests in these files under California law—yet another reason to deny the "supplement." *See* Dkt. 322 at 9-11. The private personnel

---

[5] In one conclusory sentence, the government asserts this discovery is admissible as statements of a party opponent. Dkt. 413 at 2. That is insufficient to meet its burden to show admissibility. *Nixon*, 418 U.S. at 700. Also, to the extent any such documents do not contain statements of the defendant (such as statements by nonparty employees electing, in their own words, to "enroll[]" in "incentive plans," (Dkt. 427 at 5)), the government failed to articulate any admissibility theory. Even so, these personnel files are inadmissible under FRE 403 and FRE 404(a)(1).

[6] Request A, even as modified, also fails under *Nixon's* specificity requirement. 418 U.S. at 700. While the Order correctly found the government's request for "incentive plans" is "vague" (Dkt. 427 at 4), it erroneously failed to deny Request A. Instead, the Order tried to help the government by redefining this "vague" request, but the Order's redefinition of "incentive plans" is still too vague and imprecise, as it is not clear what the defendant is supposed to produce or for what timeframe. Dkt. 427 at 5(1)-(3). Moreover, the inherent imprecision of the Order's directive for "types" and "nature of incentive plans" underscores that these requests are improper discovery, not proper Rule 17(c) requests for specific evidentiary material.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH

files at issue are protected by California's constitutional right of privacy and are thus not discoverable, let alone admissible, absent a compelling interest that would overcome this strong privacy interest. Cal. Const., art. I, § 1; *Grobee v. Corr. Corp. of Am.*, No. 13CV1060, 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014). The government has failed to advance any compelling interest that would outweigh the individual constitutional privacy interests at stake. Dkt. 413. The Order erroneously ignored the serious California privacy concerns here. Dkt. 427.

## II.   DENY REQUEST D

Request D seeks documents from links embedded in three emails that the government obtained more than a year before the superseding indictment. Dkt. 312; *see* Dkt. 417 ¶¶ 5-7. The March 28 order, in a reasoned analysis, denied Request D. Dkt. 408 at 21-23(4). Yet, in response to the government's *ex-parte* "supplement," the Order reversed course in cursory fashion and granted Request D with little analysis. Dkt. 427 at 5.

The present Order (*id.*) got it wrong for several reasons similar to those discussed above. *First*, Request D is also improper discovery and an end-run around Rule 16 and the Grand Jury Clause, particularly as the government had all three emails well before the superseding indictment and thus could have discovered the information pre-indictment and not impermissibly on the eve of trial. *See supra*; Dkt. 408 at 22; Dkt. 322 at 13. *Second*, because the "supplement" did not say anything factually or legally that could not have been said before the March 28 order, the "supplement" is an improper reconsideration motion that should be summarily denied. *See supra*; Dkt. 416 at 2-3. *Third*, the government made no showing for the extreme remedy of *ex parte* relief. *See supra*. *Fourth*, the Order's perfunctory analysis made no finding that this material would be admissible. *See* Dkt. 427 at 5. Request D should be denied.

Dated: April 12, 2016                                             Respectfully submitted,

By       /s/
Steven M. Bauer
Margaret A. Tough
LATHAM & WATKINS LLP

Kate Dyer
CLARENCE, DYER & COHEN LLP
*Attorneys for Defendant*
*Pacific Gas and Electric Company*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S MOTION FOR RELIEF / OBJECTIONS
TO APRIL 7 ORDER RE: RULE 17(C)
Case No. CR-14-00175-TEH